UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MATTHEW E. WATSON, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:12-cv-71 |
| ) | *Mattice / Lee* |
| VERIZON WIRELESS, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is an Application to Proceed *In Forma Pauperis* ("Application") [Doc. 1] filed by Matthew E. Watson. Mr. Watson's Complaint [Doc. 2] alleges his former employer discriminated against him and wrongfully terminated him because of his race and disability.

The Court previously requested information from Mr. Watson to supplement his Application, as he did not provide any explanation for his living situation or expenses for shelter and did not specify whether the $541.00 per month in automobile repairs was an accurate monthly expense. Mr. Watson responded to the Court's Order [Doc. 3] by filing a short supplement [Doc. 4] in which he states that he lives with his sister and pays her $450.00 per month for both rent and electricity. Mr. Watson further specified that the $541.00 was for only one month of auto repairs.

In his Application, Mr. Watson indicated that he receives approximately $731.00 a month from his employment and $252.00 a month from the Veterans Administration for disability and that he has $150.00 in his checking account. Although Mr. Watson's monthly expenses would seem to exceed his monthly income, it is still unclear if these expenses are accurate reflections of what Mr.

Watson pays for basic necessities every month.[1] As such, and based on Mr. Watson's income and checking account balance, I **RECOMMEND**[2] that Mr. Watson's Application to proceed with pauper status be **DENIED** and that he be assessed the filing fee. I further **RECOMMEND**, however, that Mr. Watson be permitted to pay the civil filing fee in ten monthly installments of $35.00 each, and that his complaint be filed upon receipt of the first such installment, with Mr. Watson providing for service of the Complaint at his own expense.

                                                  s/ *Susan K. Lee*
                                                  SUSAN K. LEE
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] For example, Mr. Watson indicated that he spends $220.00 a month on gas, which the Court assumed could have been part of his living expenses for utilities; however, after reviewing Mr. Watson's supplement, that does not seem to be the case, and this expense remains unexplained. Furthermore, Mr. Watson spends $175.00 a month on his phone bill, which is a large monthly expense for an item that is not strictly a basic necessity.

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

2

Case 1:12-cv-00071-HSM-SKL Document 5 Filed 04/09/12 Page 2 of 2 PageID #: 19