UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MATTHEW E. WATSON, III, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>VERIZON WIRELESS, )<br>)<br>*Defendant.* )<br>) | Case No. 1:12-cv-71<br><br>Judge Mattice<br>Magistrate Judge Lee |

## **ORDER**

Plaintiff filed his Complaint in this action in March 2012. On November 11, 2012, the Court Ordered Plaintiff to effect service on Defendant by February 1, 2013. (Doc. 10). Plaintiff failed to do so, and on April 17, 2013, the Court ordered him to show cause why this case should not be dismissed without prejudice for failure to serve Defendant. (Doc. 11); *see* Fed. R. Civ. P. 4(m).[1]

Further, the Court established a payment schedule in its October 9, 2012 Order, by which it ordered Plaintiff to pay the remaining installments of his filing fee. (Doc. 7). Although Plaintiff was put on notice that failure to abide by the payment schedule may result in the dismissal of this action, it does not appear that he has been submitting the prescribed payments. Thus, in April 2013, Plaintiff was further ordered to demonstrate

---

[1] Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

(emphasis added)

that he had been making payments in accordance with the payment schedule established in the Court's October 2012 Order. (Docs. 7, 11).

Plaintiff's response to the Court's Order was due May 10, 2013. Plaintiff was put on notice that failure to file a timely response or to show cause as described herein may result in the dismissal of this action pursuant to Fed. R. Civ. P. 4 and/or 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999).

Plaintiff failed to respond to the Court's April 7, 2013 Order.

Plaintiff has failed to serve Defendant within the time provided or within the extended time mandated by the Court's Order. Further, he has failed to abide by other orders of the Court, and it appears he has failed to pay his filing fee. In addition to his failure to comply with Rule 4 – itself an independent basis for dismissal – the Court finds that Plaintiff has exhibited a clear pattern of contumacious conduct with respect to its directives. The Court can reach only one reasonable conclusion: Plaintiff is unable or unwilling to prosecute his case or abide by Court orders. Thus, dismissal of this case is appropriate. *See Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010).

Accordingly, pursuant to Fed. R. Civ. P. 4(m) and 41(b), this case is hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to enter a separate judgment in accordance with Fed. R. Civ. P. 58 and, thereafter, **CLOSE THIS CASE**.

2

**SO ORDERED** this 20th day of May 2013.

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE

3

Case 1:12-cv-00071-HSM-SKL   Document 12   Filed 05/20/13   Page 3 of 3   PageID #: 32